UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIO DE JESUS GOMEZ,<br><br>                 Petitioner<br><br>      v.<br><br>J. GREENE,<br><br>                 Respondent. | CIVIL ACTION NO. 3:24-CV-01622<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Eugenio De Jesus Gomez, incarcerated at the Low Security Correctional Institution, Allenwood, in White Deer, Pennsylvania, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Because the Court lacks the authority to grant the relief Gomez requests, the Court will dismiss the petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Gomez filed his petition on September 25, 2024. The Court denied his motion for leave to proceed *in forma pauperis*, finding that he had sufficient funds to pay the $5.00 filing fee. The Clerk received the filing fee on January 14, 2025. *See* (Doc. 8).

In his petition, Gomez alleges that he was scheduled to be released to a halfway house on November 11, 2024. However, on September 4, 2024, his sentencing court in the District of Maryland reduced his sentence by 15 months. Gomez contends that after accounting for various time credits, this sentence reduction entitles him to immediate release to home confinement as of August 8, 2024, pursuant to the Second Chance Act. The BOP denied his request for release to home confinement because he has an ICE detainer, but Gomez alleges that the detainer "was previously closed by the immigration court administratively." He

indicates that he filed a prison grievance on Form BP-8, which was denied, and his appeal to the next level of administrative review is "pending." He requests that the Court "order the Warden of LSCI Allenwood to release [him] immediately to home confinement."

**II.   DISCUSSION**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Here, even if Gomez could assert some exception to the requirement to exhaust administrative remedies before seeking relief under Section 2241, *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000), the Court lacks the authority to grant the relief he is requesting. In general, the BOP has the exclusive discretion to "designate the place of [a] prisoner's imprisonment." *See* 18 U.S.C. § 3621(b). The Second Chance Act also provides:

> (c) Prerelease custody.
>
> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. The authority under this subsection *may* be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> . . .

> (4) Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c) (emphasis added); *see also United States v. Delacruz*, No. 3:17-CR-201, 2020 WL 3405723, at *4 (M.D. Pa. June 19, 2020) ("[T]he BOP has the statutory authority, but not a statutory obligation, to place prisoners in home confinement 'for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.'"). The Court may only grant relief to the extent that Gomez "is in custody in violation of the Constitution or laws of the United States[.]" *See* 28 U.S.C. § 2241(c)(3). Therefore, the Court does not have the authority to order that Gomez be released to home confinement on these grounds. *See*, *e.g.*, *Pietoso v. U.S. Fed. Prison*, No. CIV.A. 07-276 ERIE, 2008 WL 2225826, at *3 (W.D. Pa. May 29, 2008).

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of *habeas corpus*. An appropriate Order shall issue.

**Dated: January 31, 2025**                                   *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**